ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS R. HERNÁNDEZ RIVERA<br><br>Peticionario | **TA2026CE00545** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Aibonito<br><br>Civil Núm.: B LE2024G0166<br><br>Sobre: Ley 54 Violencia Doméstica |
|---|---|---|

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 22 de mayo de 2026.

Comparece ante nos el Sr. Luis R. Hernández Rivera (señor Hernández o "el peticionario") por derecho propio y en forma *pauperis*, y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito, notificada el 16 de abril de 2026. Mediante el referido dictamen, el foro primario indicó que no podía ordenar a la Sociedad para la Asistencia Legal (SAL) a representar a ninguna persona.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto solicitado.

### I.

Según surge del expediente, el 3 de septiembre de 2024, el foro primario dictó una *Sentencia*, tras una alegacion pre-acordada, donde el señor Hernández hizo alegación de culpabilidad por (2) violaciones al Artículo 3.1 y (1) violación al Artículo 3.2 de la Ley Núm. 54-1989, según enmendada.

Posteriormente el 8 de abril de 2026, en el mismo procedimiento criminal, el señor Hernández presentó una *Moción en Solicitud de Auxilio*. En esta, alegó que intentó presentar una demanda contra la Lcda. Enid Iglesias Moreno, por falta de ética profesional, dado que, recibió un asesoramiento bajo engaño. Por ello, solicitó se le asignara un abogado de SAL.

Atendida la moción, el 16 de abril de 2026, el foro primario notificó una *Resolución* en la cual determinó que no podía ordenarle a SAL a representar a ninguna persona.

Inconforme, el 4 de mayo de 2026,[1] el señor Hernández presentó el recurso de epígrafe, en el cual, aunque no formuló un señalamiento de error, solicitó la revisión de la *Resolución* emitida por el foro primario.

El 5 de mayo de 2026, emitimos una *Resolución*, mediante la cual le concedimos a la parte recurrida el término de 15 días para que se expresara sobre los méritos del recurso.

El 19 de mayo de 2026, la Oficina del Procurador General de Puerto Rico, presentó una *Solicitud de Desestimación*. En esencia, señaló que este Foro carecía de jurisdicción, debido a que el recurso era un intento del peticionario para atacar una *Sentencia* dictada en el 2024. A su vez, alegó que el escrito del señor Hernández no cumplía con los requisitos de una moción bajo la Regla 192.1 de Procedimiento Criminal, ni tampoco con las exigencias reglamentarias de perfeccionamiento y apéndice aplicables al recurso de epígrafe.

---

[1] Le fecha del sello en el sobre del correo postal es del 30 de abril de 2026.

Contando con la comparecencia de todas las partes, procedemos a atender el recurso. Veamos.

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción." *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. *Íd.*, pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad." *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (remedios provisionales) y la Regla 57 (*injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción

de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

De otra parte, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 215 DPR __ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari*. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### III.

En el caso de autos, el señor Hernández nos solicita la revocación de la *Resolución* emitida por el foro primario en la cual indicó que "[e]l Tribunal no puede ordenar a la Sociedad para Asistencia Legal a representar a ninguna persona". Esto, luego de que el peticionario presentara una moción, en el mismo procedimiento criminal, solicitándole al Tribunal que ordenara a SAL a que le asignara un abogado para una demanda civil en contra de quien había sido su abogada en el pleito, puesto que, recibió un asesoramiento bajo engaño.

Por su parte, el Procurador presentó una moción de desestimación, en la que expresó que el escrito del peticionario constituía un intento tardío para cuestionar la sentencia declaratoria dictada en el 2024. No obstante, señaló que dicho escrito no cumplía con los requisitos de una solicitud bajo la Regla 192.1 de Procedimiento Criminal, *supra*. Además, que el recurso

incumplió con las disposiciones reglamentarias exigidas por el Reglamento de este Tribunal.

Luego de evaluar detenidamente el expediente ante nuestra consideración, concluimos que no se desprende que el foro primario haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el señor Hernández demostró que el foro de instancia actuara con prejuicio o cometiera un error manifiesto en su determinación. De igual forma, del expediente no surge ninguna de las otras instancias de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que ameriten que expidamos el auto de *certiorari*.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** el auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones